RIPPLE, Circuit Judge.
 

 In this appeal, we are asked to decide whether the appellee’s judgment against the appellant is dischargeable in bankruptcy. The bankruptcy court held that the judgment was nondischargeable and the district court affirmed. For the reasons set forth below, we affirm the judgment of the district court.
 

 I
 

 Background
 

 In 1967, appellee Francine Klingman and appellant Melvin Levinson entered into a trust agreement. Mr. Levinson, an attorney, was named trustee. On March 11, 1970, Ms. Klingman filed suit against Mr. Levinson in the Circuit Court of Cook County alleging dissipation of the trust assets. The action was resolved by a consent judgment. Pursuant to that judgment, Mr. Levinson was to pay Ms. Klingman the amount of the original trust corpus, $37,-550, plus interest and $10,000 in attorneys’ fees. As part of the consent judgment, the parties stipulated:
 

 4. That Defendant [Mr. Levinson], in disregard of his fiduciary duties and obligations as Trustee, has failed to retain and conserve the said trust corpus and income therefrom, but rather, in violation of and disregard of his fiduciary duties and obligations as Trustee, has, through his misappropriation and defalcation, allowed or caused the dissipation and loss of the said trust corpus and income therefrom.
 

 [[Image here]]
 

 6. That malice is the gist of this action, and that the Defendant has stipulated that it is his intention that the obligation to Plaintiff [Ms. Klingman] created by this Agreed Judgment Order not be dis-chargeable in any bankruptcy or similar proceeding, and that in any subsequent proceeding all of the allegations of the Complaint and findings of this Court may be taken as true and correct without further proof.
 

 7. That the parties have stipulated and agreed that Plaintiff may recover from Defendant, in addition to any other amounts due, the expenses incurred by Plaintiff in maintaining this action, specifically including attorneys’ fees, through the time of satisfaction of this judgment, which sum is found to be $10,-000.00.
 

 Agreed Judgment Order at 1-3; Appellant’s Supp.App. at 4-7.
 

 On April 22, 1982, Mr. Levinson filed a petition in bankruptcy. Ms. Klingman filed a response claiming that her judgment against Mr. Levinson pursuant to the consent agreement was nondischargeable under 11 U.S.C. § 523(a)(4) because it resulted from fraud or defalcation by Mr. Levinson while he acted in a fiduciary capacity. Mr. Levinson filed an answer and two counterclaims. The bankruptcy court dismissed Mr. Levinson’s counterclaims on May 29, 1985.
 
 [1]
 

 
 *1294
 
 On March 18, 1986, the bankruptcy court granted Ms. Klingman’s motion for summary judgment. The court held that Mr. Levinson was barred from relitigating the issue of defalcation under the principle of collateral estoppel because he had stipulated to the finding that he had violated his fiduciary duties by defalcating the assets of the trust. The bankruptcy court further held that the $10,000 debt representing legal fees was also nondischargeable because the award was ancillary to the primary debt.
 
 In re Levinson,
 
 58 B.R. 831, 837 (Bankr.N.D.Ill.1986); Appellant’s App. at 29-30. The district court affirmed the orders issued by the bankruptcy court based on the same reasoning that the principle of collateral estoppel precluded Mr. Levinson from claiming that the judgment was not the result of defalcation.
 
 Klingman v. Levinson,
 
 66 B.R. 548 (N.D.Ill.1986); R. 13.
 

 II
 

 Analysis
 

 A.
 
 Collateral Estoppel and the Question of Dischargeability: General Principles
 

 Section 523(a)(4) of the Bankruptcy Code provides that:
 

 A discharge under section 727,1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
 

 for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny....
 

 The bankruptcy court and the district court held that the stipulation contained in the consent judgment that the appellant, “through his misappropriation and defalcation, allowed or caused the dissipation and loss of the said trust corpus and income therefrom” rendered the judgment nondis-chargeable under § 523(a)(4). Mr. Levin-son contends that the Supreme Court’s decision in
 
 Brown v. Felsen,
 
 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), precludes the use by the bankruptcy court of the state court finding in the consent judgment that the dissipation of the trust assets resulted from misappropriation and fraud. He maintains that Ms. Klingman should not be able to use the doctrine of collateral estoppel offensively to establish that he acted with fraud or defalcation.
 

 In
 
 Brown,
 
 the Supreme Court held that the principle of res judicata did not prevent a creditor from offering evidence of fraud to a bankruptcy court to establish the non-dischargeability of a debt even though the record in an earlier state court proceeding had not established fraud. The state court suit would have involved litigation of the debtor’s fraud, but the suit was settled by a stipulation that did not indicate the cause of action upon which the defendant’s liability was based. The Court reasoned that res judicata should not bar the submission of evidence about the debtor’s allegedly fraudulent conduct because without such evidence, the bankruptcy court would be unable to determine whether the debtor committed fraud, a question that was for the first time squarely in issue. The Court further stated that the dischargeability of the debt was an issue that Congress intended the bankruptcy courts, rather than the state courts, to decide.
 
 Id.
 
 at 138, 99 S.Ct. at 2212.
 

 In
 
 Brown,
 
 however, the Court clearly distinguished between the application of res judicata and the application of collateral estoppel. The Court stated that:
 

 This case concerns res judicata only, and not the narrower principle of collateral estoppel. Whereas res judicata forecloses all that which might have been litigated previously, collateral estoppel treats as final only those questions actually and necessarily decided in a prior suit. If, in the course of adjudicating a state-law question, a state court should determine factual issues using standards identical to those of § 17, [governing the dischargeability of certain debts] then collateral estoppel, in the absence of countervailing statutory policy, would bar relitigation of those issues in the bankruptcy court.
 

 Because respondent does not contend that the state litigation actually and necessarily decided either fraud or any other question against petitioner, we need not and therefore do not decide whether a bankruptcy court adjudicating a § 17
 
 *1295
 
 question should give collateral-estoppel effect to a prior state judgment. In another context, the Court has held that a bankruptcy court should give collateral-estoppel effect to a prior decision. The 1970 amendments to the Bankruptcy Act, however, have been interpreted by some commentators to permit a contrary result.
 

 Id.
 
 at 139 n. 10, 99 S.Ct. at 2213 n. 10 (citations omitted).
 

 Despite this guidance by the Supreme Court, there is disagreement among the courts regarding the collateral estoppel effect accorded state court judgments in bankruptcy proceedings involving dis-chargeability. Some courts, because of the bankruptcy courts’ exclusive jurisdiction in determining dischargeability, will give no collateral estoppel effect to state court determinations, while other courts do apply collateral estoppel when the issue was litigated previously by the parties.
 
 Compare In re Rahm,
 
 641 F.2d 755, 757 (9th Cir.) (a prior state court judgment has no collateral estoppel force on a bankruptcy court considering dischargeability, but may establish a prima facie case of nondischargeability),
 
 cert. denied,
 
 454 U.S. 860, 102 S.Ct. 313, 70 L.Ed.2d 157 (1981)
 
 with Matter of Shuler,
 
 722 F.2d 1253, 1256 (5th Cir.) (“collateral estoppel may apply to subsidiary facts actually litigated and necessarily decided”),
 
 cert. denied,
 
 469 U.S. 817, 105 S.Ct. 85, 83 L.Ed.2d 32 (1984);
 
 Goss v. Goss,
 
 722 F.2d 599, 602-04 (10th Cir.1983),
 
 and Matter of Ross,
 
 602 F.2d 604, 607 (3d Cir.1979) (“doctrine of collateral estoppel may be applicable to a dischargeability determination by the bankruptcy court”). The majority of courts apply collateral estoppel to dis-chargeability determinations where the state litigation actually and necessarily decided the relevant issue.
 
 See Matter of Shuler,
 
 722 F.2d at 1256 (“that collateral estoppel may apply to subsidiary facts actually litigated and necessarily decided— represents the predominant view of the other circuits that have considered the issue”). This result is, we believe, the appropriate one. As the Sixth Circuit noted in
 
 Spilman v. Harley,
 
 656 F.2d 224, 227 (6th Cir.1981), “that Congress intended the bankruptcy court to determine the final result — dischargeability or not — does not require the bankruptcy court to redetermine all the underlying facts.” Where a state court determines factual questions using the same standards as the bankruptcy court would use, collateral estoppel should be applied to promote judicial economy by encouraging the parties to present their strongest arguments.
 
 See id.
 
 at 228. Thus, if the requirements for applying collateral estoppel have been satisfied, then that doctrine should apply to bar relit-igation of an issue determined by a state court.
 

 B.
 
 Application of Collateral Estoppel Principles in this Case
 

 As stated by the district court and acknowledged by the parties, there are four requirements for collateral estoppel: 1) the issue sought to be precluded must be the same as that involved in the prior action, 2) the issue must have been actually litigated, 3) the determination of the issue must have been essential to the final judgment, and 4) the party against whom estoppel is invoked must be fully represented in the prior action.
 
 See Teamsters Local 282 Pension Trust Fund v. Angelos,
 
 815 F.2d 452, 456 n. 3 (7th Cir.1987);
 
 Gilldorn Sav. Ass’n v. Commerce Sav. Ass’n,
 
 804 F.2d 390, 392 (7th Cir.1986);
 
 Ferrell v. Pierce,
 
 785 F.2d 1372, 1384-85 (7th Cir.1986).
 

 To establish that a debt is nondischargeable under 11 U.S.C. § 523(a)(4), a creditor must establish that: 1) an express trust existed, 2) the debt was caused by fraud or defalcation, and 3) the debtor acted as a fiduciary to the creditor at the time the debt was created.
 
 See In re Interstate Agency, Inc.,
 
 760 F.2d 121, 124 (6th Cir. 1985);
 
 In re Johnson,
 
 691 F.2d 249, 251-52 (6th Cir.1982); 3 L. King,
 
 Collier on Bankruptcy
 
 § 523.14, at 523-93 to 523-97 (15th ed. 1987). The stipulations in the consent judgment clearly establish that the debt is nondischargeable under 11 U.S.C. § 523(a)(4). Paragraph 3 of the Agreed Judgment Order indicates that Ms. Kling-man and Mr. Levinson entered into an express trust agreement. Paragraph 4 establishes that the judgment against Mr. Levin-
 
 *1296
 
 son resulted from misappropriation and defalcation and that Mr. Levinson was acting in a fiduciary capacity at the time that the trust assets were dissipated.
 
 See
 
 Agreed Judgment Order at 1-2; Appellant’s Supp. App. at 4-5.
 

 Because the consent agreement resolved the same issues that would be litigated in the bankruptcy case and because Mr. Lev-inson was fully represented during the state court proceeding,
 
 [2]
 
 three of the four requirements for applying collateral estop-pel clearly have been satisfied. The only remaining question is whether stipulations entered into as part of a consent judgment satisfy the requirement that the issue be “actually litigated.” One bankruptcy court has stated, citing
 
 Moore’s Federal Practice,
 
 that “collateral estoppel is inappropriate when the prior judgment was a consent judgment ... without any hearing or determination of the merits by the court itself.”
 
 In re Hunter,
 
 17 B.R. 523, 526 (W.D.Mo.1982). However, the full quotation from
 
 Moore’s Federal Practice
 
 states that: “Justice, then, is probably better served if the principle of collateral estoppel does not apply to unlitigated issues underlying default or consent judgments, or to issues determined by the parties,
 
 unless it can be said that the parties could reasonably have foreseen the conclusive effect of their actions.”
 
 IB J. Moore, J. Lucas & T. Currier,
 
 Moore’s Federal Practice
 
 ¶ 0.444[1], at 794 (2d ed. 1984) (emphasis added). As stated in
 
 Raspar Wire Works, Inc. v. Leco Eng’g & Mach., Inc.,
 
 575 F.2d 530 (5th Cir.1978), if the parties to a consent decree “indicated clearly the intention that the decree to be entered shall not only terminate the litigation of claims but, also, determine finally certain issues, then their intention should be effectuated.”
 
 Id.
 
 at 539;
 
 see also Yachts Am., Inc. v. United States,
 
 230 Ct.Cl. 26, 673 F.2d 356, 360-62,
 
 cert. denied,
 
 459 U.S. 839, 103 S.Ct. 86, 74 L.Ed.2d 81 (1982); 18 C. Wright, A. Miller & E. Cooper,
 
 Federal Practice & Procedure
 
 § 4443, at 382 (1981) (“Issue preclusion does not attach unless it is clearly shown that the parties intended that the issue be foreclosed in other litigation.”).
 

 In the consent decree entered into in this case, the parties specifically provided that the debt owed to Ms. Klingman would “not be dischargeable in any bankruptcy or similar proceeding and that in any subsequent proceeding all of the allegations of the Complaint and findings of this Court may be taken as true and correct without further proof.” Agreed Judgment Order at 2; Appellant’s Supp.App. at 5. In this situation, it is certainly reasonable to conclude that the parties understood the conclusive effect of their stipulation in a future bankruptcy proceeding. Consequently, the consent judgment should be given collateral estoppel effect.
 
 [3]
 
 The bankruptcy court and the district court therefore properly applied the principle of collateral estoppel and correctly held that the appellant’s debt was not dischargeable under 11 U.S.C. § 523(a)(4).
 

 The district court also correctly decided that the award of attorneys’ fees is nondischargeable. “Ancillary obligations such as attorneys’ fees and interest may attach to the primary debt; consequently, their status depends on that of the primary debt.”
 
 In re Hunter,
 
 771 F.2d 1126, 1131 (8th Cir.1985);
 
 see also In re Foster,
 
 38 B.R. 639, 642 (Bankr.M.D.Tenn.1984) (“When a debt evidenced by a note or other contract allowing attorneys’ fees and other costs of collection is determined nondis-
 
 *1297
 
 chargeable, the attendant attorneys’ fees and costs are similarly nondischargeable.”). Because Mr. Levinson’s judgment-debt is nondischargeable under § 532(a)(4), the award of attorneys' fees, to which Mr. Lev-inson stipulated in the consent judgment, is also nondischargeable.
 
 [4]
 

 Conclusion
 

 Because the parties could reasonably have anticipated that their stipulations regarding the facts underlying the dissipation of the trust assets would be binding in future proceedings, we hold that the bankruptcy court and the district court properly used the stipulations to determine whether the appellant’s judgment-debt was dis-chargeable under 11 U.S.C. § 523(a)(4). We further agree with both courts that the appellee established that the debt was not dischargeable and that the appellee is entitled to recover ancillary attorneys’ fees and interest. Accordingly, we affirm the judgment of the district court.
 

 Affirmed
 

 [1]
 

 . In this appeal, Mr. Levinson contends that he was deprived of his right to have his counterclaim adjudicated by the district court on appeal.
 
 See
 
 Appellant’s Br. at 41-44. Rule 8006 of the Bankruptcy Rules of Procedure provides that:
 

 Within 10 days after filing the notice of appeal as provided by Rule 8001(a) or entry of an order granting leave to appeal the appellant shall file with the clerk of the bankruptcy court and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented.
 

 The district court did not address Mr. Levin-son’s counterclaims because it found that Mr. Levinson did not indicate his intention to appeal the earlier ruling in his notice of appeal.
 
 Klingman v. Levinson,
 
 66 B.R. 548, 551 n. 1 (N.D.Ill.1986); R. 13 at 3 n. 1. Mr. Levinson neither contests the fact that he failed to raise the issue in his notice of appeal, nor does he provide any citation to the record indicating that he did raise the issue. Therefore, we will not address this issue on appeal.
 

 [2]
 

 . As noted by the district court, Mr. Levinson, "an experienced attorney, was capable of protecting his interests in the prior action." 66 B.R. at 552.
 

 [3]
 

 . As the bankruptcy court properly noted, the stipulation that the debt owed to Ms. Klingman would “not be dischargeable in any bankruptcy or similar proceeding" did not constitute a waiver of Mr. Levinson’s right to have a bankruptcy court determine the dischargeability of the debt.
 
 See In re Levinson,
 
 58 B.R. 831, 836-37 (Bankr. N.D.Ill.1986); Appellant’s App. at 27-28. Generally, all debts are dischargeable in bankruptcy unless specifically excepted by a provision in the Bankruptcy Code.
 
 See, e.g., In re Cross,
 
 666 F.2d 873, 879 (5th Cir. Unit B 1982). For public policy reasons, a debtor may rot contract away the right to a discharge in bankruptcy. However, a debtor may stipulate to the underlying facts that the bankruptcy court must examine to determine whether a debt is dischargeable.
 

 [4]
 

 . As the district court noted, while the state court did not have statutory authority to award legal fees, in Illinois, attorneys’ fees awards are allowed if the parties stipulate to such an award.
 
 See O’Hare v. Moniak,
 
 110 Ill.App.2d 327, 249 N.E.2d 178, 178-79 (1969).
 

 Mr. Levinson also states in his brief that "[t]he bankruptcy judge expunged the interest but retained the attorneys’ fees.” Appellant’s Br. at 44. There is no support in the record for such an assertion. In fact, as Mr. Levinson acknowledges in his reply brief,
 
 see
 
 Appellant’s Reply Br. at 21, the bankruptcy court decided that "[t]he plaintiff is entitled to interest on [the amount of $37,550] from the date the debtor filed his bankruptcy petition.”
 
 In re Levinson,
 
 58 B.R. 831, 837 (Bankr.N.D.Ill.1986); Appellant’s App. at 30. In his reply brief, he also appears to suggest — albeit opaquely — that, since the bankruptcy court did not specifically hold that the interest awarded in the settlement agreement was nondischargeable, it is discharged. While we see no merit in such an argument,
 
 see In re Hunter,
 
 771 F.2d 1126, 1131 (8th Cir.1985), we need not specifically address the issue since it was not raised in Mr. Levinson’s opening brief.
 
 Duggan v. Board of Educ.,
 
 818 F.2d 1291, 1293 (7th Cir.1987). Mr. Levin-son makes no further argument with respect to either the interest awarded by the settlement agreement or the interest awarded by the bankruptcy court. Accordingly, the bankruptcy court’s award of interest to Ms. Klingman remains undisturbed.