**In re Oscar COBB, Debtor.**

**Nellie HUNT, Plaintiff,**

**v.**

**Oscar COBB, Defendant.**

**Bankruptcy Nos. 87 B 1110, 87 A 405.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

Oct. 19, 1988.

and 20 percent to each minor child of the marriage. During the first year following the judgment, Defendant was obligated to pay to the Plaintiff alimony and child support totaling $5,850.00, in weekly payments of $112.50.

3. On July 7, 1982, the Circuit Court of Cook County, Illinois, entered an order of judgment in the amount of $19,154.80 in favor of Plaintiff and against Defendant for arrearages in child support and alimony. That amount consisted of arrearages in child support of $12,319.60, arrearages in alimony of $6,732.80, and approximately $102.00 in costs for a total of $19,154.80. Defendant was represented by Attorney William S. Wood, now an Illinois Circuit Court Judge, in the proceedings leading to the entry of that order.

4. Defendant brought a Motion to vacate the judgment of arrearages which Motion was denied on July 1, 1985. Defendant appealed this denial to the Illinois Appellate Court which dismissed Defendant's appeal on July 7, 1986. In this Motion to vacate and appeal, Defendant made the same allegations concerning the impropriety of the amount of the July 7, 1982, judgment as Defendant makes in opposition to Plaintiff's Motion for Summary Judgment.

S. Ira Miller, Chicago, Ill., for plaintiff.

Sheldon Kirschner, Chicago, Ill., for defendant.

## MEMORANDUM OPINION INCORPORATING FINDINGS OF FACT AND CONCLUSIONS OF LAW

ERWIN I. KATZ, Bankruptcy Judge.

This matter comes before the court on the Motion of Plaintiff, Nellie Hunt ("Plaintiff") for Summary Judgment against Defendant–Debtor, Oscar Cobb ("Defendant"). Plaintiff's action is one to have Defendant's debt to her declared nondischargeable under Bankruptcy Code Section 523(a)(5). This memorandum opinion incorporates Findings of Fact and Conclusions of Law pursuant to Federal Rule of Civil Procedure 52, made applicable herein by Bankruptcy Rule 7052.

### FINDINGS OF FACT

1. Plaintiff and Defendant were married on May 9, 1954, in Chicago, Illinois, and divorced pursuant to the authority of the Circuit Court of Cook County, Illinois, on September 24, 1973.

2. The Judgment for Dissolution of Marriage provided that Defendant is obligated to pay to Plaintiff alimony and child support totaling $6,650.00 per year, in weekly installments of $128.00. Those payments were allocated 20 percent to alimony

### CONCLUSIONS OF LAW

1. Defendant is collaterally estopped from making the allegations he makes in opposition to the Motion for Summary Judgment. This collateral estoppel results from the litigation of this issue before the courts of the State of Illinois.

2. Defendant's debt to Plaintiff in the amount of $19,154.80 is nondischargeable under Bankruptcy Code Section 523(a)(5).

### DISCUSSION

Bankruptcy Code Section 523(a)(5) makes a debtor's debt nondischargeable if it is 1) to a spouse or child of the debtor, 2) for alimony or support, 3) in connection with an order of a court of record, 4) to the extent the debt is actually in the nature of alimony or support. Defendant does not contest that his obligation under the July 7, 1982, judgment is in the nature of alimony and support. Defendant, instead, contests the amount of his liability under that judg-

ment. In support of his position, he makes the same arguments he made before the Illinois courts on a Motion to vacate and an appeal of the denial of that Motion.

Defendant is thus attempting to relitigate issues he has lost before the Illinois courts. The parties recognize that the doctrine of res judicata does not apply to the Illinois courts' determinations. See *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). However, that does not preclude the application of the doctrine of collateral estoppel to the determination of factual issues made by the Illinois courts.

The Seventh Circuit, in a nondischargeability context, has held that state courts' determinations of factual issues may be given collateral estoppel effect by bankruptcy courts. *Klingman v. Levinson,* 831 F.2d 1292 (7th Cir.1987). The Seventh Circuit set down the four requirements for such collateral estoppel: "1) the issue sought to be precluded must be the same as that involved in the prior action, 2) the issue must have been actually litigated, 3) the determination of the issue must have been essential to the final judgment, and 4) the party against whom estoppel is invoked must be fully represented in the prior action." Id. at 1295.

Applying these requirements to the instant case, first, the issue involved in this Motion for Summary Judgment is the propriety of the amount of the alimony and child support order of July 7, 1982. That is the same issue that was presented to the Illinois courts and determined by them, first, when the judgment itself was entered, then, in the Order of July 1, 1985, denying Defendant's Motion to vacate, and, finally, in the Appellate Court's dismissal of Defendant's appeal on July 7, 1986.

Next, for collateral estoppel under *Klingman,* this issue must have been actually litigated. Defendant actually litigated the issue of the propriety of the amounts ordered on July 7, 1982, before the Illinois trial courts and the Appellate Court. The next requirement is that the Illinois courts' determination of this issue of propriety must have been essential to the final judgment. The propriety of the amount is es-

sential to the judgment of the Illinois court of July 7, 1982, which ordered that the amount be paid. It is also essential to the actions of the Illinois court in denying Defendant's Motion to vacate and the Appellate Court in dismissing Defendant's appeal.

The last requirement for collateral estoppel is that Defendant must have been fully represented in the Illinois proceedings. Defendant was represented by competent counsel when the July 7, 1982, order was entered. Defendant makes no claim of inadequate representation by such counsel.

In conclusion, therefore, all of the Seventh Circuit requirements have been satisfied to give collateral estoppel effect in this adversary proceeding to the Illinois courts' determinations regarding the propriety of the amount of the July 7, 1982, order. This Court, therefore, finds that the $19,154.80 amount ordered on July 7, 1982, to be paid by Defendant to Plaintiff is entirely proper in amount, in accordance with the determinations of the Illinois courts. Since there is no contest regarding the nature of that amount, this Court finds that it is actually in the nature of alimony and support and that it is nondischargeable under Bankruptcy Code Section 523(a)(5).

Accordingly, Plaintiff's Motion for Summary Judgment is granted.