In re Jose Richard Herman
TRUJILLO, Debtor.

The PEOPLE OF the STATE OF
COLORADO ex rel., Norman
S. EARLY, Jr., Plaintiff,

v.

Jose Richard Herman TRUJILLO,
Defendant.

Bankruptcy No. 91–19874 RJB.
Adv. No. 91–1855 RJB.

United States Bankruptcy Court,
D.Colorado.

Jan. 21, 1992.

Neal A. Richardson, Deputy Dist. Atty., Denver Dist. Attorney's Office, Denver, Colo., for plaintiff.

James R. Waltz, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court upon a COMBINED MOTION TO DISMISS COMPLAINT UNDER RULE 12(b) AND MOTION FOR A MORE DEFINITE STATEMENT filed November 29, 1991 by the Defendant, Jose R.H. Trujillo ("Trujillo"). A hearing was held before the Court on January 8, 1992.

Trujillo asserts that the Plaintiff has no standing to bring this adversary proceeding and it should therefore be dismissed. This assertion is based on 11 U.S.C. § 523(c)(1) which states:

Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section unless, on request of the creditor *to whom such debt is owed*, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section. [Emphasis added]

The State of Colorado was the plaintiff in a state court action against Trujillo for violation of the Colorado Consumer Protection Act, C.R.S. § 6–1–101, *et seq*, resulting in a consent decree and judgment in favor of the state and against Trujillo. Included in the judgment were the following provisions:

7. Judgment is hereby entered in favor of the Plaintiff and against the Defendant in the sum of $13,550.00, which is the total amount on Exhibit A attached to this consent decree, plus the amount in paragraph 8 of this consent decree.

8. The Defendant shall pay to the District Attorney's Office the sum of $500.00 for attorney's fees and investigation costs for bring this matter, which sum shall be paid as provided in paragraphs 7 and 9.

9. The Defendant shall make payments of no less than $400.00 each month as restitution to the consumers listed on Exhibit A and for costs to the Denver District Attorney, payable to the Registry of the Denver District Court on the 15th day of each month beginning April 15, 1988, and continuing on the 15th day of each month thereafter until the total amount of the judgment on paragraph 7 is paid in full. The above sums shall be held in an interest bearing account until further order of the court upon motion by Plaintiff to disburse the sums to the listed consumers, then to the District Attorney's Office for Plaintiff's costs. Any interest earned on said sums shall be payable to the General Fund as costs.

Exhibit A to the consent decree contains the names of six consumers and lists the amount of restitution each is to receive—from $1,000 to $3,550 each.

Trujillo contends that, since the monies are owed to individual consumers and not the state, the State of Colorado is not the "creditor to whom such debt is owed," and it has no standing to bring this adversary action. It is his position that the individual consumers are the creditors to whom such debt is owed and only they have standing.

■ The resolution of this issue requires the Court to determine the applicability of the doctrine of *parens patriae*. The Supreme Court has reviewed the case history of this doctrine in its case of *Alfred L. Snapp & Son, Inc. v. Puerto Rico, ex rel. Barez*, 458 U.S. 592, 102 S.Ct. 3260, 73 L.Ed.2d 995 (1982). *Parens patriae*, literally "parent of the country," arose out of the English common law wherein the King functioned in a parental or guardianship role for his subjects who were under a disability such as insanity or nonage. It refers traditionally to the role of a state as sovereign and guardian of persons under legal disability. Black's Law Dictionary 1003 (Fifth Edition 1979). To have standing under this doctrine the state must demonstrate first, that it has a quasi-sovereign interest in maintaining the action; second, that interest must be separate and apart from that of the individuals for whose benefit the action is brought; third, the number of its citizens affected by the action must be sufficiently numerous.

■ What comprises a quasi-sovereign interest is generally defined on a case by case basis, but it is well-accepted that a state has a quasi-sovereign interest in the health and welfare, both physical and economic, of its citizens. (*Snapp, supra*) One indicia of the quasi-sovereign interest is whether the potential injury is one that has been the subject of state legislative action. In the case at bar, the State of Colorado has an interest in protecting its citizens from economic harm as a result of false advertising, and has seen fit to legislate such concern by the passage of the Colorado Consumer Protection Act. The interest the state has in maintaining the integrity of its legislative and police powers

is obviously separate and apart from the interests of the individual consumers who are benefitted by this action.

While only six individuals are directly affected by this case, the indirect effects must also be taken into consideration. By allowing a debtor to avoid dischargeability actions brought by the state would subvert the protections of the Colorado Consumer Protection Act and adversely impact not only these six individuals, but all Colorado consumers who may at some future date have claims under the Act.

Courts are divided on the issue of whether the doctrine of *parens patriae* is applicable in a case such as the one at bar, but the majority have come down in favor of the doctrine; e.g., *In re Edmond,* 934 F.2d 1304 (4th Cir.1991), *In re DeFelice,* 77 B.R. 376 (Bkrtcy.D.Conn.1987). This Court is persuaded by the reasoning of the majority, and finds that the State of Colorado has standing to bring this adversary proceeding on behalf of the individual consumers under the doctrine of *parens patriae.*

Even if this Court were not persuaded of the applicability of this doctrine, it would still rule against dismissal of this adversary proceeding. The state court judgment specifically provides that judgment is entered in favor of the "plaintiff." The plaintiff in that case was the State of Colorado, not the six named consumers. Additionally, the judgment provided that payments were to be made directly to the Denver District Attorney, not the six consumers. Considering these factors, the Court cannot find that the State of Colorado is not the creditor to whom a debt is owed.

Trujillo has also requested a more definite statement regarding the basis for his liability for the $500 in attorney fees requested by the State of Colorado. Attorney fees awarded ancillary to the primary debt are given the same status as such debt. *Klingman v. Levinson,* 831 F.2d 1292 (7th Cir.1987). Thus, in this case, the basis for Trujillo's liability on the $500 in attorney fees would be the same as that for the $13,050. No more definite statement is required.

ORDERED that Trujillo's Combined Motion to Dismiss Complaint Under Rule 12(b) and Motion for a More Definite Statement be and the same are hereby denied.