Circuit Judge O’MALLEY dissents.
MOORE, Circuit Judge.
Furnace Brook LLC (Furnace Brook) appeals the district court’s grant of summary judgment that collateral estoppel prevents it from asserting the claims of U.S. Patent No. 5,721,832 (’882 patent) against Aeropostale, Inc., et al., (Defendants) in this case. Because our prior decision held that accessing a catalog website over the Internet using a computer or cellular phone does not meet the “telephone terminal” limitation present in the asserted claims, we affirm.
Background
This is not the first time Furnace Brook has appealed a decision involving the '832 patent to our court. In a prior litigation, Furnace Brook sued Overstock.com for infringing claims of the '832 patent. Furnace Brook LLC v. Overstock.com, Inc., 230 Fed.Appx. 984, 986 (Fed.Cir.2007) (Overstock ). In Overstock, as in the present litigation, Furnace Brook accused websites accessed over the Internet by computers and cellular phones of infringing the '832 patent. Id. The district court in Overstock granted summary judgment of nonin-fringement because, inter alia, the “telephone terminal” limitation, present in claim 1 (and dependent claims 2-4 asserted in this suit), was not met by the accused products. Id.
In the Overstock appeal, Furnace Brook argued that the district court erroneously limited the construction of the term “telephone terminal” to exclude personal computers and cellular phones. We agreed with Furnace Brook that the claimed “telephone terminal” could theoretically include a personal computer or cellular phone, since these devices “are capable” of “communicating over a telephone network.” Id. We explained, however, that a “telephone terminal” also “requires a dial-up connection to the catalog server at the other end of the connection.” Id. As a result, we held that the telephone terminal limitation, as used in the claim, “requires that the communication link be established over a telephone network by dialing the computer system directly.” Id. at 987.
We agreed that simply accessing a website on the Internet — without actually dialing a computer system directly — does not meet the “telephone terminal” limitation. Id. We held that “[t]he district court was therefore correct to hold that those [accused] devices fall outside the literal scope of the claim 1 limitation.” Id. Furnace Brook also argued “that the accused devices, when used to access the Internet, are captured by the doctrine of equivalents, even if they are not within the literal scope of claim 1.” Id. We noted, however, that Furnace Brook’s evidence “did not explain why accessing a computer server over the Internet is equivalent to dialing a computer server over a telephone net *167 work.” Id. As a result, we held the evidence was insufficient “to create a genuine issue of material fact as to that question” of infringement. Id.
Undeterred by the unfavorable outcome in Overstock, Furnace Brook asserted the '832 patent against Defendants in this case, again espousing a theory that Defendants’ online ordering sites infringe claim 1 of the '832 patent. Furnace Brook also asserted claims 2-4 of the '832 patent, all of which depend on claim 1. Of particular importance for this litigation, each of the asserted claims requires the use of a “telephone terminal.” The relevant portion of claim 1 is reproduced below (emphasis added):
1. An improved interactive computerized catalog process comprising the steps of:
generating a menu of catalog products and services comprising catalog data available for selective viewing at any user’s telephone associated terminal screen, establishing a selective communication link initiated by a user between said user’s telephone terminal and said computer system,
The parties brought cross-motions for summary judgment on whether our decision in Overstock barred Furnace Brook from relitigating the issue of whether online ordering sites accessed through the Internet infringed the '832 patent. After analyzing the Seventh Circuit’s collateral estoppel law, the district court noted that “the parties agree that the issue in both [Overstock and this] ease[ ] is whether the accused ordering systems meet the ‘telephone terminal’ limitation in claim 1.... ” J.A. 8. Furnace Brook, however, argued that collateral estoppel did not bar its present claims because it believed our holding of noninfringement in Overstock was based on a construction of the “selective communication link” limitation, which it claims was not previously litigated.
The district court, after considering our prior holding in Overstock, concluded that our determination of noninfringement in that case was based on the “telephone terminal” limitation. It explained that “Furnace Brook admits that the limitation ‘telephone terminal’ was actually litigated before the Federal Circuit.” J.A. 10. The district court also “found that the Federal Circuit’s construction of ‘telephone terminal’ and its determination that the accused online ordering system did not satisfy that claim limitation either literally or under the doctrine of equivalents was essential to its decision [in Overstock ].” Id. The court noted that “Furnace Brook does not suggest that the online ordering websites in this [instant] case are materially different from the websites at issue in Overstock, com.” Id. In light of its findings and Furnace Brook’s concessions, the district court held that Furnace Brook was barred from relitigating the issue of whether accessing a website catalog through the Internet using a cellular phone or personal computer met the “telephone terminal” limitation in the present litigation.
Furnace Brook appeals the district court’s decision. We have jurisdiction pursuant to 28 U.S.C. § 1295.
Disoussion
We apply the law of the regional circuit when reviewing a district court’s application of collateral estoppel. Applied Med. Res. Corp. v. U.S. Surgical Corp., 435 F.3d 1356, 1359-60 (Fed.Cir.2006). “Collateral estoppel, which is also known as issue preclusion, generally prevents a party from relitigating an issue the party has already litigated and lost.” Ferrell v. Pierce, 785 F.2d 1372, 1384 (7th Cir.1986). In the *168 Seventh Circuit, collateral estoppel requires four elements: “ 1) the issue sought to be precluded must be the same as that involved in the prior action, 2) the issue must have been actually litigated, 3) the determination of the issue must have been essential to the final judgment, and 4) the party against whom estoppel is invoked must be fully represented in the prior action.’ ” La Preferida, Inc. v. Cerveceria Modelo, S.A. de C.V., 914 F.2d 900, 905-06 (7th Cir.1990) (quoting Klingman v. Levinson, 831 F.2d 1292, 1295 (7th Cir.1987)). “In determining whether an issue has been litigated in an earlier case, a full trial on the merits in the earlier action is not an absolute prerequisite.” Id. at 906. “We review a trial court’s application of issue preclusion, also known as collateral estoppel, de novo.” Shell Petroleum, Inc. v. United States, 319 F.3d 1334, 1338 (Fed.Cir.2003); see also United States v. Thyfault, 579 F.3d 748, 750 (7th Cir.2009) (determinations of issue preclusion reviewed de novo).
Furnace Brook is not appealing the lower court’s determination that if our decision in Overstock was indeed based on the “telephone terminal” limitation, it is es-topped from relitigating the issue oí whether a catalog website accessed over the Internet meets the “telephone terminal” limitation. In fact, Furnace Brook expressly admitted that in Overstock it had the opportunity to address the issue of the construction of “telephone terminal” and whether that limitation was “satisfied literally or under the doctrine of equivalents” by the accused websites. J.A. 129. Furnace Brook also admits that it “actually litigated” both the construction and infringement of the “telephone terminal” limitation in Overstock, and that it had the chance to submit “substantial evidence” of equivalence in that case. Id. Finally, Furnace Brook admits it was fully represented in Overstock and that the websites in this case are not materially different from the website in Overstock. J.A. 10,129.
Furnace Brook, however, disputes that our prior holding of noninfringement in Overstock was based on the “telephone terminal” limitation. Instead, it argues that our prior holding of noninfringement was based on a sua sponte construction of the “selective communication link” limitation. In fact, Furnace Brook explains that “[t]he sole dispute in this appeal is whether this Court affirmed the district court’s summary judgment of noninfringement based upon the absence of the ‘telephone terminal’ limitation (which had been fully litigated), or upon the absence of the ‘selective communication link’ limitation (which had not).” Appellant Reply Br. at 1 (emphasis added). Furnace Brook claims that because “it had not had an opportunity to litigate the ‘selective communication link’ limitation in the Overstock matter, as a matter of law, it cannot be collaterally estopped from now asserting infringement against the Appellees.” Id.
We disagree with Furnace Brook’s reading of Overstock. Although we noted that claim 1 requires establishing a “selective communication link,” Overstock, 230 Fed.Appx. at 987, our holding in that case was not based on the “selective communication link” limitation. Instead, we explained that, in order to actually function as the claimed “telephone terminal,” a personal computer or cellular telephone must actually dial up the catalog computer system directly. Id. While we disagreed with categorically excluding personal computers and cellular phones from the “telephone terminal” limitation, we ultimately agreed with the district court that personal computers and cellular phones that access a catalog over the Internet fall outside the scope of the “telephone terminal” limitation. Id. We affirmed the holding of non-infringement because the record on appeal *169 “contain[ed] no evidence that the personal computers or cellular telephones of Overstock’s customers place such a [direct] call when accessing Overstock’s website over the Internet.” Id.
In coming to this conclusion in Overstock, we expressly rejected Furnace Brook’s arguments “that any embodiment described as a ‘terminal’ in the specification must be a ‘telephone terminal’ within the meaning of claim 1.” Id. We held that even if a computer had the capability to act as a telephone terminal in certain circumstances, a computer accessing a website over the Internet was not a “telephone terminal” as that term was used in the claim. Contrary to Furnace Brook’s arguments in this case, the holding of nonin-fringement in Overstock was based on the “telephone terminal” limitation and was therefore essential to our decision in that case.
Furnace Brook had every incentive to present evidence supporting its position that the accused products in Overstock met the “telephone terminal” limitation. Moreover, Furnace Brook admits it had “sufficient opportunity to address — and did in fact address ... whether those limitations were satisfied literally or under the doctrine of equivalents.” J.A. 129. In Overstock, we held that Furnace Brook’s evidence “did not explain why accessing a computer server over the Internet is equivalent to dialing a computer server over a telephone network.” Overstock, 230 Fed.Appx. at 987. While Furnace Brook claims it could not have anticipated the need to present this kind of equivalence evidence in Overstock, we believe it had a full and fair opportunity to litigate the issue of infringement of the “telephone terminal” limitation.
The dissent argues that an earlier panel of this court erred when it affirmed the summary judgment of no infringement. The dissent believes that panel should have vacated and remanded. We see no error in the district court’s conclusion that the issues presented here were actually litigated in the prior case. We cannot refuse to apply collateral estoppel because we disagree with the earlier decision. Earlier decisions of this court are binding upon later panels. Newell Cos., Inc. v. Kenney Mfg. Co., 864 F.2d 757, 765 (Fed.Cir.1988).
We already decided that personal computers and cellular phones do not meet the “telephone terminal” limitation, and there is nothing unjust about preventing Furnace Brook from relitigating the same issue previously decided in Overstock. As a result, the district court did not err in holding collateral estoppel prevented Furnace Brook from relitigating the issue of infringement in this case. We have considered Furnace Brook’s additional arguments on appeal and find them to be without merit.
AFFIRMED