BALLINGER JR., Bankruptcy Judge,
concurring.
I agree that the bankruptcy court’s ruling in this case must be reversed, but not for the reasons announced by the majority. Reversal is warranted only because the bankruptcy court failed to justify its decision to disregard Wank’s sworn disavowal of the First Declaration and, therefore, improperly weighed the evidence when considering plaintiffs’ request for summary judgment. Had the bankruptcy court found Wank’s Second Declaration the self-serving product of a shammer, I would vote to affirm. I respectfully disagree with the panel that the First Declaration, coupled with undisputed material facts, did not establish all the elements requisite to granting relief under Bankruptcy Code section 523(a)(2)(A).
A bankruptcy court has the power to disregard sworn avowals meant to defeat summary judgment if it finds them to be eonclusory, self-serving or to constitute a *896 sham. See F.T.C. v. Pub. Clearing House, Inc., 104 F.3d 1168, 1171 (9th Cir.1997) (eonclusory and self-serving affidavits lacking detailed facts and any supporting evidence are insufficient to create a genuine issue of material fact); Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 267 (9th Cir.1991) (to disregard an affidavit as one conjured to avoid summary judgment, the district court must make a factual finding that the contradiction was a sham).
In this case, Wank’s Second Declaration is clearly self-serving, but not eonclusory.[1] Instead of declaring Wank’s more recent declaration a sham not to be considered, the bankruptcy court reviewed the Second Declaration and essentially balanced its credibility against the admitted facts contained in the First Declaration. Statements in the Second Declaration contradicted facts essential to plaintiffs’ case and created genuine disputes regarding material issues. These disputed issues preclude granting summary disposition and compel us to reverse the bankruptcy court’s order. But, I respectfully disagree that this result flows from any inherent unreliability with Wank’s initial sworn admissions or a public policy concern. I believe there was evidence at the trial court supporting a finding that Wank’s debt to plaintiffs should be excepted from his bankruptcy discharge. Section 523(a)(2)(A) excepts from discharge any debt for money, property or credit obtained by false pretenses, false representations or actual fraud. To obtain relief a creditor must establish five elements: 1) the debtor made a representation; 2) the debtor knew at the time the representation was false; 3) the representation was made with the intent and purpose of deceiving the creditor; 4) the creditor justifiably relied on the representation; and 5) the creditor was damaged as a proximate cause of the representation. Ghomeshi v. Sabban (In re Sabban), 600 F.3d 1219, 1222 (9th Cir.2010); Turtle Rock Meadows Homeowners Ass’n v. Slyman (In re Slyman), 234 F.3d 1081, 1085 (9th Cir.2000).
In this case, the last element is not disputed; Wank acknowledges that plaintiffs suffered substantial damage as a result of the scheme in which he encouraged them to invest. And the First Declaration, standing alone, provides sufficient evidence that a court could conclude satisfies a number of the other elements of section 523(a)(2)(A). The majority disagrees and finds the First Declaration inherently unreliable. It also concludes the bankruptcy court erred because the record shows plaintiffs did not establish justifiable reliance. With respect to the reliability of admissions found in the First Declaration, the majority discusses the long recognized public policy prohibition against prepetition waivers of Bankruptcy Code discharge rights and finds that this policy dictates that Wank’s admissions in the First Declaration be viewed with great skepticism.
I disagree that this policy consideration is relevant to this case.[2] As the panel *897 notes, the bankruptcy judge correctly ruled that she would not consider the “bankruptcy defeating” language found both in the First Declaration and the agreement settling the parties’ state court case. The question here is whether the bankruptcy judge incorrectly found that sworn admissions contained in the First (and disavowed in the Second) Declaration established elements justifying relief under section 523(a)(2)(A). Reversal is required not because the bankruptcy judge could not give credence to the First Declaration’s admissions, but rather because the record lacks a factual finding that the judge deemed the factual contradictions in the Second Declaration unworthy of consideration. Had the bankruptcy court found the Second Declaration a sham, no public policy concern would have prevented it from holding that the admissions contained in the First Declaration conclusively established the following three elements required for relief under section 523(a)(2)(A):
• That Wank made false representations to plaintiffs to convince them to transfer hundreds of thousands of dollars to him;
• That Wank was aware that most, if not all, of the relevant representations were false when he made them; and
• That the false representations constituted deceit. Wank made them to create false impressions in plaintiffs’ minds (e.g. that Wank had expertise in the financial scheme they were to invest in and that their money would never be put at risk of loss).
The majority also rests its decision on the belief that plaintiffs failed to establish the justifiable reliance needed to obtain a judgment because the Second Declaration contains Wank’s assertions that plaintiffs had already decided to invest in the EIS currency speculation scheme prior to meeting with him. This conclusion supports the view that if the bankruptcy judge had memorialized her belief that the Second Declaration was contrived and bogus, the decision at the trial court would have to be affirmed. More important are Wank’s sworn acknowledgments in the First Declaration that he made representations to the Plaintiffs that were false to induce them to place their funds in his trust account, permit him to act as their “primary investor” and transfer their money to EIS. Coupled with the undisputed fact that subsequent to these representations plaintiffs provided large sums to Wank, the bankruptcy court could appropriately decide that plaintiffs established justifiable reliance.
Although I respectfully disagree with the majority’s reasoning, I concur in the decision to set aside the bankruptcy court’s grant of summary judgment.

. The Second Declaration is ten pages long and contains details of Wank’s version of the circumstances surrounding creation of each paragraph of the First Declaration.

. There is no dispute that the First Declaration contains an improper "bankruptcy-proofing” provision. The bankruptcy court properly held that this term was void and would not be considered. But, case law clearly provides that the bankruptcy court can consider underlying facts contained in materials that include a bankruptcy defeating clause. Hayhoe v. Cole (In re Cole), 226 B.R. 647, 651 (9th Cir. BAP 1998), citing Klingman v. Levinson, 831 F.2d 1292, 1296 n. 3 (7th Cir.1987). The majority acknowledged, citing Cole, that the Bankruptcy Appellate Panel has drawn a distinction between the public policy against de facto bankruptcy discharge waivers and determinations or stipulations regarding facts that may be relevant to determining if a debt *897 is dischargeable. In Cole, the bankruptcy court ignored a bankruptcy defeating clause contained in a state court judgment, but considered stipulated facts contained therein to determine if collateral estoppel applied. The majority points out that there are no stipulated facts and judgment in this case. But, Cole and Levinson do not require that the underlying facts be stipulated to, nor do those cases require the facts be taken from a judgment. Here, we have admitted facts in a declaration signed under penalty of perjury. Whether the facts were stipulated to or are a single party admission, and whether they were contained in a judgment or a declaration, should make no difference to a bankruptcy court tasked with determining if those facts support a claim of nondischargeability for purposes of summary judgment. The majority’s conclusion that the public policy against bankruptcy defeating clauses creates a general skepticism of the admitted facts goes too far. Cole and Levinson simply allow the court to disregard the improper language and examine, without a presumption of suspicion, the underlying facts.