In re Paul A. DiPIERRO and Carolyn E. DiPierro, Debtors.

ALSAN CORPORATION, d/b/a Best Western Motor Lodge, Plaintiff,

v.

Paul A. DiPIERRO and Carolyn E. DiPierro, Defendants.

Bankruptcy No. 85–2458.
Adv. No. 85–673.

United States Bankruptcy Court,
W.D. Pennsylvania.

Jan. 2, 1987.

Patricia A. O'Connor, Pittsburgh, Pa., for defendants.

M. Jay Early, Indiana, Pa., for plaintiff.

Edwin M. Clark, Indiana, Pa., Trustee.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Presently before the Court is Plaintiff's, Best Western Motor Lodge (hereinafter "Best Western"), *Complaint To Determine Dischargeability Of Debt.* As the Supreme Court of the United States has previously determined that the doctrine of res judicata does not prevent a bankruptcy court from going behind a state court judgment to determine whether a debt is non-dischargeable, the issues before this Court are whether the doctrine of collateral estoppel is applicable, and whether an individual can agree, pre-petition, to a waiver of the dischargeability of a certain debt in bankruptcy.

Based upon the testimony offered at trial and this Court's research, we find that collateral estoppel is applicable, rendering the debt to Best Western non-dischargeable; however, we further hold that a person cannot, by agreement, waive the dischargeability of a certain debt, when said agreement is made pre-petition.

### FACTS

The evidence offered at trial indicates, and this Court finds as fact, that between January 21, 1983 and April 28, 1983, Defendants engaged accommodations of Best Western and incurred expenses totaling $4,067.92. When said Debtors failed and/or refused to make the appropriate payment, an action was instituted in the Court of Common Pleas of Columbiana County, Ohio, at No. 83–CIV–1205.

In said Complaint, it was averred by Plaintiff that the Debtors, *inter alia,* acted in concert with the purpose of defrauding the Plaintiff and that said Debtors used deception to induce Plaintiff to provide accommodations and services, when Debtors knew that they were without sufficient means to pay for same. A second claim averred that Defendants acted falsely and fraudulently; that said actions were intentional, malicious and with utter disregard to Plaintiff's legal rights; and, that as a result of the activities of Defendants, the Plaintiff was harmed.

On January 30, 1984, a Judgment Entry was filed in the Ohio Court, which Ordered, Adjudged and Decreed that a judgment be entered for Plaintiff against Defendants, in the amount of $6,800.00, plus court costs. The Court further found that the Debtors herein had consented to Plaintiff's judgment that was based upon a claim of fraud, and that said judgment would not be dischargeable in bankruptcy by, *inter alia,* the Debtors herein. Said Consent Order was executed by the Debtor, as president of the company and individually, and was also executed by Michael S. Delaney, Attorney at Law, who was counsel to Debtors herein.

### ANALYSIS

A discharge in bankruptcy has the effect of discharging a debtor from all debts that arose before the Order for relief was entered, except as provided under Section 523. 11 U.S.C. § 727(b).

A discharge under § 727 does not discharge an individual debtor from any debt for money, property, services ... obtained by false pretenses, a false representation or actual fraud. 11 U.S.C. § 523(a)(2)(A).

Plaintiff herein avers that a court of competent jurisdiction has had an opportunity to review the particular issue of fraud by and between the parties; accordingly, "full faith and credit" should be given to the state final judgment, and this issue by and between the parties should be determined by this Court to have been finally decided by the Ohio Common Pleas judgment.

The Supreme Court in *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), directed that res judicata does not prevent a bankruptcy court from going behind a state court judgment to determine whether a debt is nondischargeable under the Bankruptcy Act.

In *Brown,* the court reasoned that Congress intended the bankruptcy court, alone, to resolve dischargeability issues, and that by limiting the application of res judicata, the bankruptcy court would be able to weigh all evidence and accurately determine whether the debtor did in fact commit deceit, fraud, or malicious conversion.

■ *Brown* did not resolve the related issue of the applicability of collateral estoppel; to the contrary, the court intimated that collateral estoppel should be applied if the state court's factual findings were based on standards identical to those used by the bankruptcy court in its dischargeability determination. *Id.* at 2213, n. 10.

The Third Circuit has had an opportunity to review this issue in the *Matter of Ross,* 602 F.2d 604 (3rd Cir.1979), wherein said court determined that the doctrine of collateral estoppel will bar re-litigation of the dischargeability issue if the bankruptcy court finds the following elements:

1. the issue sought to be precluded must be the same as that involved in the prior act;
2. that issue must have actually been litigated;
3. it must have been determined by a valid and final judgment; and
4. the determination must have been essential to the prior judgment.

*Id.* at 608, quoting *Haize v. Hanover Insurance Company,* 536 F.2d 576 (3rd Cir. 1976). *See also, Matter of McMillan,* 579 F.2d 289 (3rd Cir.1978); *In re Levinson,* 58 B.R. 831 (Bankr.N.D.Ill.), aff'd, 66 B.R. 548 (N.D.Ill.1986); *Matter of Moccio,* 41 B.R. 268 (Bankr.D.N.J.1984).

It is established by the facts, and this Court determines, that elements 3 and 4 are clearly established. The issue of fraud is and was the central issue in the state court action, which was determined by a valid and final judgment.

Element 1 requires that the issue to be precluded be the same as that involved in the prior judgment. Therefore, we must determine whether a finding of fraud under the laws of Ohio is the same as a finding of fraud under § 523(a)(2)(A) of the Bankruptcy Code.

In Ohio the following elements must be present in order to reach a finding of fraud:

(1) There must be an actual or implied representation of a matter of fact (2) which related to the present or the past, (3) which was material to the transactions and (4) which was false when made. (5) The statement must be made with knowledge of its falsity, or with reckless disregard for whether it is true or not and (6) with the intent to mislead the other party into relying upon it. (7) The other party must be ignorant of the fact averred, causing (8) justifiable reliance and (9) injury.

*Dunn Appraisal v. Honeywell Information Systems,* 687 F.2d 877, 882 (6th Cir. 1982), quoting *Block v. Block,* 165 Ohio St. 365, 135 N.E.2d 857 (1956).

In order to prevail in an action under § 523(a)(2)(A), the Plaintiff must prove that:

1) the debtor made the representations;
2) at the time he made them he knew they were false;
3) he made them with the intention and purpose of deceiving the creditor;
4) the creditor relied on such representations; and
5) the creditor sustained the alleged loss and damage as the proximate result of the representations having been made.

*In re Hammill,* 61 B.R. 555, 556 (Bankr.E. D.Pa.1986). *See also, In re Taylor,* 49 B.R. 849 (Bankr.E.D.Pa.1985); *In re Fenninger,* 49 B.R. 307 (Bankr.E.D.Pa.1985).

It is clear that the standard for finding fraud in Ohio is at least as high, if not higher than that under § 523(a)(2)(A).

Therefore, element 1 has also been established.

■ The only remaining element requires that the issue has actually been litigated. The parties entered into a Stipulation and/or Consent Judgment, wherein they agreed, and the court found as fact, that the Plaintiff's judgment was based upon a claim of fraud.

The Debtor, a businessman, was represented by counsel of his choosing; in fact, said attorney had been counsel to the Debtor for a long time prior to this action. The Debtor testified that his attorney explained the legal significance of the Consent Judgment to him, and said Debtor further testified that he was aware of said significance when he knowingly and voluntarily executed the Consent Order. The Debtor cannot now be heard to demand a day in court he voluntarily waived years ago in the state court. The wording of the Stipulation based in fraud, acts as a confession of his state of mind. A contrary statement at this late stage of the proceedings can only compound the improper activity by adding perjury to the fraud.

> The fact that this Judgment was the result of the parties' Stipulation of Settlement does not detract from its being considered a conclusive determination of the merits of that action for purposes of collateral estoppel, where the parties intended the Judgment to resolve all the issues raised in that action.

*Green v. Ancora-Citronelle Corporation,* 577 F.2d 1380, 1383 (9th Cir.1978); accord *In re Austin,* 26 B.R. 751, 752 (Bankr.S.D. Fla.1982). *See also, In re Levinson,* 66 B.R. at 552. (When "[a] party stipulates in a consent judgment to the resolution of a claim against him and the specific reasons for such resolution, the matter will be deemed as 'actually litigated' under collateral estoppel principles.")

■ In reaching this determination, the court gives no significance to the portion of the Judgment Entry determining that said Judgment shall not be dischargeable in bankruptcy. A debtor cannot contract away the right to a bankruptcy discharge in advance of the bankruptcy filing. *In re Levinson,* 58 B.R. at 836–37. Exceptions to discharge are strictly construed to further the policy of affording the debtor a broad discharge and an effective fresh start. *Id.* at 837, quoting *Gleason v. Thaw,* 236 U.S. 558, 35 S.Ct. 287, 59 L.Ed. 717 (1915). Waivers of dischargeability of particular debts are generally governed by the rules relating to reaffirmation of debts. 11 U.S.C. § 524(c) and (d). Clearly, the requirements of the Bankruptcy Code relating to a reaffirmation of a debt are not found in the case at bar, and the Debtor's waiver of the discharge of this certain debt is void *ab initio.*

In conclusion, it is the finding of this Court that the debt of Best Western, in the amount of $6,800.00, is neither discharged nor dischargeable.

An appropriate Order will be issued.