In re Robert B. PEARSON and Candice C. Pearson, Debtors.

PASADA DEL REY, Plaintiff,

v.

Robert B. PEARSON, Defendant.

Bankruptcy No. 389–34993 RCM–7.
Adv. No. 389–3841.

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

March 28, 1990.

Vernon O. Teofan, Dallas, Tex., for defendant.

Gerald P. Urbach, Dallas, Tex., for plaintiff.

## MEMORANDUM OPINION ON MOTIONS FOR SUMMARY JUDGMENT

ROBERT McGUIRE, Chief Judge.

Pasada Del Rey ("Plaintiff" or "Partnership") and Robert B. Pearson ("Defendant" or "Debtor") both filed motions for summary judgment. Defendant alternatively moved for partial summary judgment.

The undisputed facts are as follows:

Defendant filed his voluntary petition for relief under Chapter 7 of Title 11 of the United States Code on August 10, 1989 (the "Petition Date").

Plaintiff, a Louisiana limited partnership, filed its Complaint to Determine Dischargeability of Debt (the "Complaint") on November 21, 1989, alleging that the debt of Defendant to Plaintiff in the approximate amount of $260,000 is nondischargeable pursuant to 11 U.S.C. § 523(a)(2), which excepts from discharge debts incurred by debtors through false pretenses, false representations and actual fraud.

The claim against Defendant, for which the nondischargeability determination is herein sought, arose out of the compromise and settlement of alleged securities fraud by Defendant in 1973, which was more particularly described in that certain complaint filed in the United States District Court for the Eastern District of Louisiana in 1974 (the "Securities Suit") by Adrian B. Cairnes, Jr., et al.[1] (the "Securities Plaintiffs"), said complaint bearing Civil Action No. 74–2943. Plaintiff herein was not among the Security Plaintiffs, but was, in fact, a codefendant with Defendant in the Securities Suit. The Securities Suit was ultimately resolved through a Settlement Agreement dated July 29, 1975, without admission of liability by Defendant, under which Defendant withdrew from the Partnership and executed a Promissory Note in the original principal amount of $665,550 (the "Note") to the Partnership. Under the Settlement Agreement, a Stipulation by the parties to the Securities Suit (the "Stipulation") and a consent order entered in connection therewith (the "Consent Order"), it was agreed that the obligation represented by the Note would be nondischargeable in any bankruptcy filing by Defendant.

The first issue is whether the 1975 settlement agreement and order in the prior Securities Suit will preclude Defendant from litigating his defenses under the doctrine of collateral estoppel. The United States Supreme Court held in *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979) that the doctrine of *res judicata* is not applicable to the determination of dischargeability of debt by a Bankruptcy Court. However the court noted that "[i]f in the course of adjudicating a state-law question, a state court should determine factual issues using standards identical to those of § 17 [now § 523], then collateral estoppel, in the absence of countervailing statutory policy, would bar relitigation of those issues in the bankruptcy court." 442 U.S. at 139 n. 10, 99 S.Ct. at 2213 n. 10.

The federal test for applying the doctrine of collateral estoppel requires that (i) the issue to be precluded must be identical to that involved in the prior action, (ii) in the prior action the issue must have actually been litigated, and (iii) the determination made of the issue must have been necessary to the resulting judgment. *In re Shuler,* 722 F.2d 1253, 1256 (5th Cir.1984), cert. denied, 469 U.S. 817, 105 S.Ct. 85, 83 L.Ed.2d 32 (1984); *In re Church,* 69 B.R. 425 (Bankr.N.D.Tex.1987); *In re McDonald,* 73 B.R. 877 (Bankr.N.D.Tex.1987).

The present action involves a consent judgment. Courts have held collateral estoppel to apply to some consent judgments even though the second requirement, *i.e.,* that the issue be actually litigated, was arguably not met. In *In re Halpern,* 810 F.2d 1061, 1064 (11th Cir.1987), the court held that "[t]he requirements that issues be actually litigated and necessary to the judgment in order for issue preclusion to apply are altered somewhat in the context

---

1. The other Securities Plaintiffs were Francis E. LeJeune, Jr., Adolphus W. Dunn, George T. Schneider, Robert C. Lynch, John E. Ray, Ashley Ross, Andrew H. Thalheim, Jr., Robert Schimek, George L. Leonard, Robert H. Cos, Ellery C. Gay, Jr., Ernest E. Lokey, Leon T. Fournet, Homer A. Watts, Jr., John B. Holland, Charles J. Banta, James T. Arens and John L. Oschner.

of consent decrees.... Instead, the central inquiry in determining the preclusive effect of a consent judgment is the intention of the parties as manifested in the judgment or other evidence." Thus, the question is one of intent. The Fifth Circuit, in *Kaspar Wire Works, Inc. v. Leco Engineering & Mach.*, 575 F.2d 530 (5th Cir.1978) (a patent suit which involves some different considerations from Bankruptcy Court dischargeability litigation), held that, if the parties "indicated clearly the intention that the decree to be entered shall not only terminate the litigation of claims but, also, determine finally certain issues, then their intention should be effectuated." *Id.*, at 539.

The Fifth Circuit has observed that a consent judgment approving a settlement ordinarily does not give rise to issue preclusion or collateral estoppel. *Avondale Shipyards, Inc. v. Insured Lloyd's*, 786 F.2d 1265, 1272 (5th Cir.1986); *Hughes v. Santa Fe Int'l. Corp.*, 847 F.2d 239, 241 (5th Cir.1988). Only where the parties manifest an intention to give preclusive effect to the consent judgment by including detailed recitations of findings upon which the judgment is based, is issue preclusion appropriate. *Id.; Carey Lumber Co. v. Bell*, 615 F.2d 370, 377–378 (5th Cir.1980).

In the Fifth and the Eleventh Circuits, a critical factor appears to be whether the consent agreement spelled out factual findings in sufficient detail. The Fifth Circuit, in *Matter of Shuler*, 722 F.2d 1253, 1257 (5th Cir.1984), distinguished such case from a prior holding saying "[u]nlike the consent judgment in *Carey Lumber Co. v. Bell*, *supra, see* 615 F.2d at 378, the judgment in the present case did not contain detailed facts sufficient as findings to meet the federal test of nondischargeability; it contained merely a conclusory statement that the plaintiff was entitled to judgment on a false-pretense cause of action." The *Shuler* court, at page 1255, also stated

> We thus in *Carey Lumber Co. v. Bell* upheld rationale that neither res judicata nor collateral estoppel bar a bankruptcy court from receiving evidence as to facts by which that court may determine the character and, ultimately, the discharge-

ability of the debt. We there also, however, affirmed the holding that, nevertheless, the recitations of the state court judgment may be considered as evidence that, *if uncontroverted,* may be sufficient upon which to base a holding that the debt is nondischargeable as measured by the federal standard of dischargeability.

[Emphasis added]. See also, *Matter of Allman*, 735 F.2d 863 (5th Cir.1984); *Matter of Poston*, 735 F.2d 866 (5th Cir.1984); *In re Halpern*, 810 F.2d 1061 (11th Cir.1987); *Matter of Ethridge*, 80 B.R. 581 (Bankr.M. D.Ga.1987). Also see *Klingman v. Levinson*, 831 F.2d 1292, 1293 (7th Cir.1987) where the debtor had stipulated in a state court action that

> ... in disregard of his fiduciary duties and obligations as Trustee, [he had] failed to retain and conserve the said trust corpus and income therefrom, but rather, in violation of and disregard of his fiduciary duties and obligations as Trustee, [he had], through his misappropriation and defalcation, allowed or caused the dissipation and loss of the said trust corpus and income therefrom.

The *Halpern* court pointed out that there was no evidence in that case of coercion or duress, and the consent judgment was signed by both the debtor and his attorney.

The Settlement Agreement, the Stipulation and the order state that the debt will be nondischargeable in bankruptcy. Paragraph 5(d) of the Settlement Agreement does say that "Pearson agrees that the Note is given in payment for his debt arising by reason of his conduct described in or reprobated by 11 U.S.C. § 35(a)(2) and Rule 10b–5 of the Securities and Exchange Commission...." However, Paragraph 3 of the Settlement Agreement starts out, "In order to avoid the expense, delay and uncertainties of litigation, and without in any manner acknowledging any liability of any sort...." There is a contradiction in the Settlement Agreement between paragraphs 3 and 5. The Settlement Agreement and order do not spell out specific factual determinations sufficient to accord collateral es-

toppel effect to the Settlement Agreement, the Stipulation, and the District Court order.

Furthermore, in this case the underlying District Court order is an order of dismissal which does not hold the Debtor liable in any amount. Besides dismissing the underlying suit with prejudice, such order states:

> IT IF [sic] FURTHER ORDERED; ADJUDGED AND DECREED that, in accordance with the Stipulation and Settlement Agreement and for the reasons stated therein, the obligation represented by the Note dated July 29, 1975, by Robert B. Pearson, in the sum of $665,500.00 will not be dischargeable in bankruptcy.

Under the third prong of the federal test on collateral estoppel, such court's finding on dischargeability in bankruptcy was not necessary to the relief granted, and is against public policy.

Courts have refused to give effect to contractual nondischargeability terms because they violate public policy. *In re DiPierro,* 69 B.R. 279 (Bankr.W.D.Pa.1987); *In re Markizer,* 66 B.R. 1014 (Bankr.S.D.Fla.1986). The *DiPierro* court, *supra,* at 282, held that contractual waivers of dischargeability must be governed by § 524 standards. The Plaintiff's motion for summary judgment, which is a motion to bar relitigation under the doctrine of collateral estoppel, is denied. The Court grants Defendant's alternative motion for summary judgment and finds that any nondischargeability provisions contained in the note, the Settlement Agreement and stipulated order are not entitled to collateral estoppel effect and are not finally determinative of the issue of dischargeability of Defendant's debt.

### STANDING

The plaintiffs in the 1974 action were limited partners of the Plaintiff in the present action. Defendant contends that Plaintiff is without standing to bring this § 523 action because it was not a victim of the alleged fraud by Defendant, nor a plaintiff in the prior suit. The Settlement Agreement is drafted in such a way that, when construed with the complaint, the latter could arguably be viewed as in the nature of a derivative action. Plaintiff is a creditor of Defendant. The issue is whether the *Plaintiff's debt* was for money obtained by false pretenses, etc. At this stage of this limited summary judgment record, the Court finds that the balance of Defendant's motion for summary judgment for Plaintiff's alleged lack of standing should be denied.