**In re Edward H. SMITH, Debtor.**

**Jeffrey E. SMITH and Paul Logan, Plaintiffs,**

v.

**Edward H. SMITH, Defendant.**

**Bankruptcy No. 94–12980–MWV. Adv. No. 95–1059–MWV.**

United States Bankruptcy Court, D. New Hampshire.

Sept. 7, 1995.

**242**

Thomas Pappas, Wiggin & Nourie, Manchester, NH, for plaintiff.

Charlene Grant, Carpenito P.A., Salem, NH, Paul Lambert, North Andover, MA, for defendant.

Victor Dahar, Trustee, Manchester, NH.

Gerri Karonis, Manchester, NH, for United States Trustee.

### MEMORANDUM OPINION

MARK W. VAUGHN, Bankruptcy Judge.

The Court has before it the Debtor/Defendant's amended motion to dismiss adversary complaint and amended motion for summary judgment. The adversary, which is the subject of this motion, seeks to have this Court determine that a certain judgment entered in the United States District Court for the District of New Hampshire with the consent of the Plaintiffs and Defendant herein is excepted from discharge pursuant to section 523(a)(2)(A) and (a)(4) of the Bankruptcy Code. That judgment awarded to the Plaintiffs herein is in the sum of $50,000. The motion before the Court seeks to have the Court dismiss the complaint for failure to state a claim upon which relief can be granted or, in the alternative, grant the Defendant's motion for summary judgment.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

### APPLICABLE LAW

Since the Plaintiffs and the Defendant have attached extrinsic evidence to their pleadings, the Court will treat the motion as one for summary judgment alone in accordance with Rule 12(c) of the Federal Rules of Civil Procedure. Under Rule 56(c) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, a summary judgment motion should be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." "Genuine," in the context of Rule 56(c), means that "the evidence is such that a reasonable jury could resolve the point in favor of the nonmoving party...." *Rodriguez–Pinto v. Tirado–Delgado*, 982 F.2d 34, 36 (1st Cir.1993) (internal quotation marks and citations omitted). "Material," in the context of Rule 56(c), means that the fact has "the potential to affect the outcome of the suit under applicable law." *Nereida–Gonzalez v. Tirado–Delgado*, 990 F.2d 701, 703 (1st Cir.1993). Courts faced with a motion for summary judgment should read the record "in the light most flattering to the nonmovant and indulg[e] all reasonable inferences in that party's favor." *Maldonado–Denis v. Castillo–Rodriguez*, 23 F.3d 576, 581 (1st Cir.1994).

### FACTS

The within adversary proceeding was filed by the Plaintiffs on April 7, 1995, alleging

that a certain debt reduced to judgment in the United States District Court for the District of New Hampshire be excepted from the Defendant's discharge pursuant to section 523(a)(2)(A) and (a)(4) of the Bankruptcy Code. On April 28, 1995, the Defendant filed his answer indicating that the complaint "restates and re-alleges the same facts which comprised their action in the United States District Court, District of New Hampshire, Docket No. C. 87–458 on or about November 24, 1987," and specifically denying the pertinent allegations of the complaint. (Defendant's Answer to Complaint at 1.) At the same time the answer was filed, the Defendant filed the within motion. The motion alleges that the Plaintiffs are attempting to relitigate issues already the subject of the district court judgment and, thus, the Plaintiffs are barred by the doctrine of res judicata and/or collateral estoppel. In support of this position, the Defendant submits a copy of the agreed upon order and a letter from Plaintiffs' attorney to the Defendant, who was pro se in the district court action, which contained the following language:

> This letter will confirm our telephone conversation earlier this morning, following my receipt of your written settlement offer via telecopy, in which the parties have agreed to settle the above-referenced matter by having a judgment entered in favor of plaintiffs against you in the amount of $50,000, *with no representation regarding reason.*

(Defendant's Amended Motion to Dismiss, Exh. B.) (emphasis added.)

The Plaintiffs filed an objection to Defendant's motion alleging that it is not relitigating the judgment of $50,000, but is alleging the facts necessary to support the complaint excepting the debt from discharge, which issues were not determined in the United States District Court litigation. Counsel for the Plaintiffs and the Defendant filed memoranda of law in support of their positions, and this Court took the matter under advisement after a hearing on the motion on June 27, 1995, at which both parties appeared through counsel.

## DISCUSSION

### A. Res Judicata

The Defendant argues that the consent judgment is res judicata with respect to Plaintiffs' claim that their debt is excepted from discharge. The Court rejects this argument. Res judicata is also referred to as claim preclusion. Defendant's argument is that since the alleged general issues of fraud were in the underlying litigation, the Plaintiffs are now barred from relitigating those issues in this adversary proceeding. As the Supreme Court said in the leading case of *Brown v. Felsen*, "[b]ecause res judicata may govern grounds and defenses not previously litigated, however, it blockades unexplored paths that may lead to truth. For the sake of repose, res judicata shields the fraud and the cheat as well as the honest person. It therefore is to be invoked only after careful inquiry." *Brown v. Felsen*, 442 U.S. 127, 132, 99 S.Ct. 2205, 2210, 60 L.Ed.2d 767 (1979). The Plaintiffs herein are not attempting to modify, relitigate or overturn the consent judgment for $50,000. Rather, like the *Brown* case, the Plaintiffs seek to have that judgment now excepted from the Debtor's discharge. As the Supreme Court said in *Brown:*

> Here, in contrast, petitioner readily concedes that the prior decree is binding. That is the cornerstone of his claim. He does not assert a new ground for recovery, nor does he attack the validity of the prior judgment. Rather, what he is attempting to meet here is the new defense of bankruptcy which respondent has interposed between petitioner and the sum determined to be due him.

*Id.* at 133, 99 S.Ct. at 2210. Further, there is no question that the Bankruptcy Court has exclusive jurisdiction over certain actions brought under section 523, including those brought under sections 523(a)(2)(A) and (a)(4). *Id.* at 135, 99 S.Ct. at 2211. The Court finds that while allegations in the underlying litigation may have included some issues of fraud, the claim that the consent judgment should be excepted from discharge under sections 523(a)(2)(A) and (a)(4) is for the first time before any court and, thus, the

doctrine of res judicata should not be invoked.

### B. *Collateral Estoppel*

Defendant also argues that this Court is bound by the doctrine of collateral estoppel, otherwise known as issue preclusion. In 1991, the Supreme Court confirmed that the principle of collateral estoppel applies in bankruptcy courts to bar relitigation of factual or legal issues that were determined in a prior state court action. *Grogan v. Garner*, 498 U.S. 279, 284 n. 11, 111 S.Ct. 654, 658 n. 11, 112 L.Ed.2d 755 (1991). However, in order for the Court to rely on the doctrine of collateral estoppel, the underlying judgment must contain "detailed facts sufficient as findings to meet the federal test of nondischargeability" so that the bankruptcy court is able to discern from the record the elements of collateral estoppel. *Tober Saifer Shoe Co. v. Allman (In re Allman)*, 735 F.2d 863 (5th Cir.1984). These elements are: "1) the issue sought to be precluded must be the same as that involved in a prior action, 2) the issue must have been actually litigated, 3) the determination of the issue must been essential to the final judgment, and 4) the party against whom estoppel was invoked must be fully represented in the prior action." *Klingman v. Levinson*, 831 F.2d 1292, 1295 (7th Cir.1987). When the underlying litigation results in a consent judgment, the central question in determining whether the issue has been actually litigated is "the intention of the parties as manifested in the judgment or other evidence." *Halpern v. First Georgia Bank (In re Halpern)*, 810 F.2d 1061, 1064 (11th Cir.1987).

In the instant case, there is no way the Court can discern the intent of the parties based on the judgment rendered by the court below, which judgment is as follows:

It is hereby ordered that judgment shall be entered in favor of plaintiffs against defendant Edward H. Smith, in the amount of Fifty Thousand Dollars ($50,-000). All counterclaims shall be dismissed with prejudice. No interest, costs or other expenses shall be awarded or taxed as a part hereof, and no action or claim shall be had for the same cause.

(Defendant's Amended Motion to Dismiss, Exh. E.) The parties could have included in the Order findings upon which this Court could render a decision based on collateral estoppel or, in the alternative, specifically indicated in the judgment that it would be excepted from a discharge in a subsequent bankruptcy case. The judgment herein does neither. The Defendant relies on a statement from Plaintiffs' counsel in a letter to the Defendant that the judgment would be with "no representation regarding reason." (Defendant's Amended Motion to Dismiss, Exh. B.) The Court is not sure whether that letter is part of the record below but, in any case, the statement relied on is subject to different interpretations and is insufficient to show the requisite intent upon which the Court could render a decision based on collateral estoppel.

### C. *Failure to State a Claim Upon Which Relief Can Be Granted*

The Defendant also requests that this Court dismiss this adversary proceeding on the grounds that the Plaintiffs have failed to state a claim upon which relief can be granted. In order to grant a motion under Federal Rule of Civil Procedure 12(b)(6), the Court "must accept the allegations of the complaint as true, and if, under any theory, the allegations are sufficient to state a cause of action in accordance with the law, [it] must deny the motion to dismiss." *Vartanian v. Monsanto Co.*, 14 F.3d 697, 700 (1st Cir. 1994). The Plaintiffs, in their memorandum of law, have cited specific paragraphs of the complaint which allege a claim against the Defendant. Based on those allegations, the Court finds that the Plaintiffs have stated a claim upon which relief can be granted and, thus, denies the motion on that ground also.

### CONCLUSION

For the reasons stated above, the Court finds:

1.  The doctrine of res judicata does not apply.

2.  The doctrine of collateral estoppel does not apply.

3.  The Plaintiffs have stated a claim upon which relief may be granted and, thus,

the amended motion to dismiss the adversary complaint and the amended motion for summary judgment is denied.