**In re Timothy J. TRACEY and Jane R. Tracey, Debtors.**

**Myron Chapman, Plaintiff,**

v.

**Timothy J. Tracey and Jane R. Tracey, Defendants.**

**Bankruptcy No. 98–14766–MWV.**
**Adversary No. 99–1129–MWV.**

United States Bankruptcy Court, D. New Hampshire.

June 30, 2000.

Geraldine Karonis, Assistant U.S. Trustee, Manchester, NH, for UST J. Christopher Marshall.

Edmond J. Ford, Trustee, Ford & Weaver, PA, Portsmouth, NH, for Trustee.

Stephanie A. Bray, Brian G. Vaughan, Wiggin & Nourie, Manchester, NH, for Myron Chapman, Plaintiff.

John A. Rogers, Meredith, NH, for Timothy Tracey, Jane Tracey, Defendants.

### *MEMORANDUM OPINION*

MARK W. VAUGHN, Chief Judge.

The Court has before it Plaintiff's motion for summary judgment on its amended complaint seeking to have the debt due him excepted from discharge pursuant to §§ 523(a)(2)(A), 523(a)(4) and 523(a)(6) of the Bankruptcy Code. The Plaintiff bases his motion for summary judgment on the

theories of res judicata and collateral estoppel, having obtained a judgment against the Defendants in the Superior Court for Grafton County, New Hampshire. The Defendants object to the motion arguing that the only determination made by the Superior Court was for a breach of contract, which is not cause for a debt to be excepted from discharge. For the reasons set forth below, the Court denies the motion for summary judgment.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

### Facts

The facts are not in dispute. The Debtor–Defendants, as individuals and principals of a limited liability company, manage rental properties at Loon Mountain, including properties owned by the Plaintiff.[1] It is uncontested that the Defendants failed in 1996 to remit monies due the Plaintiff in the amount of $32,400. In December 1996, the Plaintiff brought suit against the Defendants in the Grafton County Superior Court. The complaint had seven counts, namely: Count I—Plea for an Accounting; Count II—Plea of Assumpsit; Count III—Plea of Case—Negligence; Count IV—Plea of Case—Breach of Fiduciary Duty; Count V—Consumer Protection; and Counts VI & VII—Trustee Attachments.

The Defendants were represented by counsel and filed an answer to the complaint. On April 18, 1997, the Plaintiff filed a motion for partial summary judgment. The motion stated that it was "for partial summary judgment on the contract claims." The Court assumes that the motion referred to Count II of the complaint,

which generally sought relief for breach of contract. On May 29, 1997, after the Defendants failed to file pleadings in response to the motion, the Superior Court granted the partial summary judgment motion.

Following the partial summary judgment, by motion dated June 11, 1997, the Plaintiff filed a "Motion for Judgment, Assessment of Damages and Request for Order of Contempt and Sanctions." Along with this motion, the Plaintiff filed an affidavit of damages in the amount of $38,-898.35. Part A of the motion's prayer for relief requested the court to "[e]nter judgment on all remaining counts against the Defendants . . . ." A hearing was held on the motion on July 28, 1997, at which both the Plaintiff and Defendants were represented by counsel. As a result of that hearing, the Superior Court entered the following judgment: "Motion for default judgment; granted. Judgment for the plaintiff in the amount of $38,898.35 plus $1,549 in attorney's fees and costs for preparation for depositions."

### Discussion

This matter comes before the court on a motion for summary judgment. Rule 7056 of the Federal Rules of Bankruptcy Procedure makes applicable Rule 56 of the Federal Rules of Civil Procedure: "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

▬ At the outset, the court rejects the Plaintiff's argument that the court should grant summary judgment based on the doctrine of res judicata. Under res judicata, otherwise known as claim preclusion, "a final judgment on the merits bars

---

1. The Plaintiff herein is a plaintiff by virtue of an assignment of a claim by the original plaintiff. However, this opinion will refer to Plaintiff as if it were the original claimant.

further claims by parties or their privies *on the same cause of action."* *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979)(emphasis added). As this Court pointed out in *In re Smith,* 189 B.R. 240 (Bankr.D.N.H.1995), relying on *Brown v. Felsen,* 442 U.S. 127, 132, 99 S.Ct. 2205, 2210, 60 L.Ed.2d 767 (1979), res judicata will not be invoked in a complaint for an exception to discharge since such an action is being raised for the first time in bankruptcy court. Without bankruptcy, there is no such claim and thus the claim was not and could not have been brought prior to the bankruptcy. The Court disagrees with the Plaintiff's attempt to distinguish the instant case from *Smith* and *Felsen* on the grounds that those cases involved uncontested proceedings. The fact that a judgment was entered after an answer was filed by Defendants does not alter the fact that the complaint on which the default judgment was entered and the complaint for an exception from discharge are distinct actions.

 That leaves for this Court a determination as to whether collateral estoppel applies on the facts of this case. Collateral estoppel, or issue preclusion, applies in bankruptcy to bar the relitigation of factual or legal issues that were determined in a prior state court action. *Grogan v. Garner,* 498 U.S. 279, 284 n. 11, 111 S.Ct. 654, 658 n. 11, 112 L.Ed.2d 755 (1991). In order for collateral estoppel to apply, four requirements must be met. These requirements are: 1) the issue sought to be precluded must be the same as that involved in a prior action; 2) the issue must have been actually litigated; 3) the determination of the issue must have been essential to the final judgment; and 4) the party against whom estoppel was invoked must be fully represented in the prior action. *Klingman v. Levinson,* 831 F.2d 1292, 1295 (7th Cir. 1987).

 First, the Court finds that collateral estoppel does not apply to the § 523(a)(2)(A) count or the § 523(a)(6) count. In order for a debt to be discharged under § 523(a)(2)(A), the Plaintiff must prove that the debt was incurred by "false pretenses, a false representation, or actual fraud ...." 11 U.S.C. § 523(a)(2)(A). None of the allegations in the state court complaint alleged that the Defendants made false representations or committed actual fraud, therefore the first two requirements of collateral estoppel are not satisfied. Section 523(a)(6) excepts a debt "for willful and malicious injury by the debtor ...." 11 U.S.C. § 523(a)(6). Again, there is no allegation that the Defendants acted willfully and maliciously.

 Whether collateral estoppel applies to the 523(a)(4) count is a closer question. Section 523(a)(4) excepts from discharge any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4). The Court finds no allegation in the complaint that the Defendants committed embezzlement or larceny.[2] However, § 523(a)(4) may also be satisfied by a showing that the Defendants committed defalcation while acting in a fiduciary capacity. Count IV of the state court complaint alleges breach of fiduciary duties by the Defendants; therefore, the requirement of establishing that the Defendants were acting in a fiduciary capacity is established. The next question is whether the state court judgment established that the Defendants committed defalcation while acting in a fiduciary capacity. Defalcation has been described as the "failure to produce funds entrusted to a fiduciary and applies to conduct that does not necessarily reach the level of fraud, embezzlement or appropriation." L. King, 4 Collier on Bankruptcy ¶ 523.10[1][b]. Generally, mere negligent breach of a fiduciary duty will not constitute defalcation in the bankrupt-

---

2. The Plaintiff asserts that the complaint makes out a claim for embezzlement. However, by the Plaintiff's own definition of embezzlement, a finding of fraud must be made. As noted previously, the complaint does not allege fraud.

cy context. *Harsch v. Eisenberg (In re Eisenberg)*, 189 B.R. 725, 730 (Bankr. E.D.Wis.1995). Misappropriation of funds or improper handling of property, however, have often been found by courts to fit the definition of defalcation. *See id.* Within Count IV, the Plaintiff alleges that the Defendants breached their fiduciary duty by misdirecting funds and failing to account to the Plaintiff for funds under their control. Certainly, such conduct amounts to defalcation. Therefore, the Court finds that requirements 1, 2 and 4 of collateral estoppel are met: the issue sought to be precluded, that the Defendants committed defalcation while in a fiduciary capacity, is the same issue raised in Count IV of the state court complaint; the issue was actually litigated since there was a hearing on the motion for judgment on all of the remaining counts on July 28, 1997; and the Defendants were fully represented as counsel appeared at that hearing.

However, the Court finds that the third element, that a finding on the issue sought to be precluded is essential to the judgment, is missing. As described above, prior to seeking judgment on all counts, the Plaintiff was granted summary judgment on Count II only, the contract count. In connection with the subsequent motion for judgment on the remaining counts, an affidavit of damages on the summary judgment count was attached as Exhibit B, and an affidavit of damages for sanctions for failure to appear at a deposition was attached as Exhibit C. The final judgment ultimately awarded the exact amount of the damages sought for the contract count and for sanctions for not appearing at the deposition. Clearly, a finding on the issue of a breach of fiduciary duty was not essential to the judgment entered as summary judgment on the contract count had already been entered, and the damages awarded were those for a breach of contract plus sanctions. Therefore, the Court cannot find that a finding of defalcation while acting in a fiduciary capacity was essential to the final judgment awarding the Plaintiff damages in the amount of $38,898.35 or sanctions in the amount of $1,549.00. It is for this reason that the motion for summary judgment is denied.

### Conclusion

For the reasons stated above, the Plaintiff's motion for summary judgment is denied. This matter will be set for trial in accordance with the attached order. This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.